IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONALD B. CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-0894-CV-W-ODS |
| ) | |
| P1 GROUP, INC., d/b/a P-1, ) | |
| and DON CAMPBELL, ) | |
| ) | |
| Defendants. ) | |

<u>ORDER AND OPINION (1) GRANTING PLAINTIFF'S MOTION TO REMAND, (2) DENYING DEFENDANTS' MOTION TO DISMISS DEFENDANT DON CAMPBELL, AND (3) REMANDING CASE TO JACKSON COUNTY (MISSOURI) CIRCUIT COURT</u>

Pending are (1) Plaintiff's Motion to Remand and (2) Defendants' Motion to Dismiss Defendant Don Campbell. Plaintiff's motion (Doc. # 13) is granted, and Defendants' motion (Doc. # 7) is denied.[1]

Plaintiff filed suit against his employer and his employer's Safety Supervisor, Don Campbell. Plaintiff and Campbell are citizens of Missouri and there are no federal issues in the case; accordingly, the Petition filed in state court presents no basis for federal jurisdiction. Defendants removed the case to federal court, alleging Campbell was fraudulently joined. Thus, in order to have jurisdiction, the Court must conclude that Campbell was fraudulently joined. Conversely, if Campbell was not fraudulently joined, the case must be remanded. Defendants' arguments essentially ask the Court to determine that Plaintiff cannot prevail on his claim against Campbell, but this is not the proper inquiry.

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is

---

[1]Plaintiff has also filed a Motion to Strike. This motion will remain pending for the state court to address because of this Court's conclusion that it lacks jurisdiction in this case.

fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. Filla, 336 F.3d at 810.

In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." Id. at 811 (citations omitted) (emphasis in original). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." Id. (emphasis added). Where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. (quoting Iowa Pub. Serv. Co., 556 F.2d at 406). Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n.13 (8th Cir. 1978)).

Defendants concede the Missouri Human Rights Act permits claims against individuals. Their arguments in favor of removal focus on their arguments that, given the facts of the case, Campbell could not be held liable. This is a debatable point, and for that reason is not a proper basis for concluding that Campbell was fraudulently joined. In particular, Defendants' claim that the facts do not support applying the MHRA to Campbell depends entirely on accepting Defendants' view of the facts. Plaintiff's view of the facts presents a different picture. Defendants ultimately might be right; on

2

the other hand, they might be wrong.  The Court cannot definitively say Campbell is not liable, so the better course is to leave the matter to the state court for resolution.

The motion to dismiss is predicated entirely on Defendants' claim that Campbell was fraudulently joined.  The Court holds Campbell was not fraudulently joined, so the motion is denied.  Moreover, inasmuch as Campbell was not fraudulently joined, the Court lacks subject matter over the case; the motion to remand is granted and the case is remanded to Jackson Count Circuit Court.

IT IS SO ORDERED.

DATE: November 16, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3